**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4804

DALLAS RAY DILLON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-91-205)

Submitted: May 5, 1998

Decided: June 22, 1998

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Steven I. Loew,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dallas Dillon pleaded guilty to possession of a firearm with an obliterated serial number in violation of 18 U.S.C.A. §§ 922(k), 924(a)(1)(B) (West Supp. 1998). Dillon was sentenced to forty-six months' imprisonment and three years of supervised release. After serving his sentence, Dillon violated conditions of his supervised release. Dillon now appeals the court's revocation of the supervised release and imposition of a seven month sentence. Dillon's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the court erred in revoking the supervised release and imposing the seven month sentence. Counsel asserts that there are no meritorious issues for appeal.* Dillon was notified of his right to file a pro se supplemental brief, but he has failed to do so. We affirm.

Dillon was released from custody and began serving his term of supervised release on October 26, 1994. After Dillon's probation officer reported that Dillon violated two conditions of his supervised release, the district court modified the terms of Dillon's supervised release on June 10, 1997, directing Dillon to serve the remainder of his supervised release term in community confinement. On August 26, 1997, the probation officer again reported two more violations of his supervised release. Dillon violated the rules and regulations of the facility where he was in community confinement and also traveled to Chicago without obtaining prior permission from his probation officer. Given Dillon's repeated failure to obey the terms of his supervision and Dillon's admission to the violations, the court revoked Dillon's supervised release and imposed a sentence of seven months, a sentence within the Guidelines range. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1998).

_____

*We previously granted Appellant's motion to submit the case on the briefs.

2

Dillon's attorney noted no objection to the sentence. Consequently, we review only for plain error. See Fed. R. Crim. P. 52(b); see also United States v. Olano, 507 U.S. 725, 731-32 (1993). We should grant relief only if the error is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-37. In sentencing a defendant after revoking a term of supervised release, the district court must consider certain factors set out in 18 U.S.C.A. § 3553(a) (1985 & West Supp. 1998), one of which is the applicable Chapter 7 policy statements governing the revocation of supervised release terms. See 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e).

Dillon primarily maintains that the district court did not fulfill its statutory obligation to impose a sentence that is sufficient, "but not greater than necessary" to comply with the purposes of sentencing, in violation of 18 U.S.C. § 3553(a). Dillon's argument is without merit. From the transcripts of the sentencing and in its order, it is clear that the court gave due consideration to Dillon's personal circumstances and the fact that Dillon has made improvements in his life. Given the court's past leniency with respect to Dillon's supervised release and Dillon's repeated violations of the conditions of his supervised release, the court's imposition of a seven month sentence, a sentence within the guideline range, cannot be considered plain error.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the district court order revoking Dillon's supervised release and imposing a seven month sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument in accord with the court's prior order granting Dillon's motion to submit his case on the briefs.

AFFIRMED